<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN L. WILLIAMS, | : | Civil Action No. 04-3383 (KSH) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| UNITED STATES DEPARTMENT OF JUSTICE CIVIL RIGHTS SECTION UNIT, *et al.* | : | |
| Defendants. | : | |

   *Pro se* plaintiff John L. Williams filed an action on July 16, 2004 against the United States Department of Justice Federal Bureau of Investigation Civil Rights Section and two United States Attorneys, James B. Comey and Christopher J. Christie (collectively "defendants"), alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a).  Plaintiff did not address the Privacy Act in his papers except as a jurisdictional basis in his Complaint.  Defendants filed a motion to dismiss, or, in the alternative, for summary judgment.  In response, plaintiff filed a document titled "Affidavit in Support of Plaintiff's Cross-motion."  The Court has considered these submissions, and for the following reasons, grants summary judgment in favor of defendants.

<u>BACKGROUND</u>

   In 1980, plaintiff complained to the Southern District of New York ("SDNY") about an alleged conspiracy to violate his civil rights in 1977 and 1978 by transferring him between states

in connection with a criminal prosecution. (Compl. at 1, 2, 4.) This request was forwarded to the Federal Bureau of Investigation ("FBI"). (Compl. at 3, 4.) In 1982, plaintiff wrote to the SDNY seeking an update to his request. (Compl., Exh. C.) In response, the Chief of the Civil Rights Unit informed plaintiff by letter dated March 10, 1982 that his claims did not merit an investigation. (Compl., Exh. C.) In 1996, plaintiff repeated the same allegations in a request to the United States Attorney's Office for the SDNY. (Compl., Exh. C.) Defendants state these allegations also were not pursued because they were meritless. (Def. Moving Br. at 1.)

On October 21, 2003, plaintiff made a FOIA request to the SDNY for investigative records. (Decl. of Luczynski ¶ 4; Freedom of Information/Privacy Act Request, Exh. A.) Plaintiff specifically asked for records or information related to "a criminal investigation and civil rights violations, attached letters of August 4, 1980, March 10, 1982, and October 10, 1996. . . . ." (Decl. of Luczynski ¶ 4; Exh. A.) The Executive Office for the United States Attorney ("EOUSA") acknowledged plaintiff's request and assigned him FOIA No. 03-3556. (Decl. of Luczynski ¶ 5; Exh. B.)

EOUSA referred plaintiff's request to the SDNY on December 5, 2003 and asked Michelle Smith ("Smith"), the FOIA Contact, to search the records. (Decl. of Luczynski ¶ 6; Exh. C.) On December 11, 2003, Smith informed EOUSA that no records were found in response to plaintiff's request. (Decl. of Luczynski ¶ 7.) Plaintiff was so informed by letter dated December 22, 2003. (Decl. of Luczynski ¶ 8; Exh. E.)

Plaintiff filed an appeal with the Office of Information and Privacy ("OIP") on January 6, 2004, claiming that he was wrongfully prevented from getting the requested records. (Decl. of Luczynski ¶ 9; Exh. F.) The OIP affirmed EOUSA's response, and informed plaintiff of its action by letter dated June 28, 2004. (Decl. of Luczynski ¶ 10; Exh. G.)

Subsequently, plaintiff brought this action, seeking an order compelling defendants to conduct and complete a reasonable search for the requested documents.

Defendants filed a motion to dismiss, or, in the alternative, summary judgment.

**DISCUSSION**

Under FOIA, a government agency must promptly release agency documents, upon request, subject to nine specific statutory exemptions. 5 U.S.C. § 552(b). Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976). If the agency fails to release the requested information and administrative remedies have been exhausted, a federal district court can review the agency's decision *de novo*. 5 U.S.C. § 552(a)(4)(B).

FOIA cases are typically decided on motions for summary judgment. Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993). The standard courts use in determining if summary judgment is appropriate is whether the moving party can establish that "there is no genuine issue as to any material fact" such that she is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is warranted in favor of the agency when it demonstrates that "viewing the facts in the light most favorable to the requester, . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551-52 (D.C.Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C.Cir. 1984)); see Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir.1994) (stating that to prevail on a summary judgment motion, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA"). The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F.2d 57, 68

(D.C.Cir. 1990); see Campbell v. United States Dep't of Justice, 164 F.3d 20, 27 (D.C.Cir. 1998).

A district court needs an "adequate factual basis" before it can hold that the government complied with FOIA. Sheet Metal Workers v. Dep't of Veterans Affairs, 135 F.3d 891, 896 (3d Cir. 1998). The court may award summary judgment based solely on information provided by affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. SafeCard Services v. SEC, 926 F.2d 1197, 1200 (D.C.Cir. 1991); see Carney, 19 F.3d at 812 ("Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden."). These affidavits or declarations must be specific enough to allow meaningful review, McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993), and must identify the search term and the type of search performed and describe how the files likely to contain responsive materials were searched. Iturralde v. Comptroller of the Currency, 315 F.3d 311, 313-14 (D.C.Cir. 2003).

The "search for responsive documents need not, and indeed could not be perfect," and "[t]he agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." Garcia v. United States Dep't of Justice, 181 F. Supp. 2d 356, 368 (S.D.N.Y.2002) (internal citation omitted). "The affidavits of the responding agency need not set forth with meticulous documentation the details of an epic search for the requested records." Manna v. U.S. Dep't of Justice, 815 F. Supp. 798, 817 (D.N.J. 1993). "Rather, in the absence of countervailing evidence or apparent inconsistency in proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the

obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C.Cir. 1982).

Where the agency's affidavits are adequate on their face, a plaintiff must show bad faith on the agency's part in order to defeat summary judgment. See Carney, 19 F.3d at 812; Triestman v. U.S. Dep't of Justice, 878 F. Supp. 667, 672 (S.D.N.Y.1995). The government's affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard, 926 F.2d at 1200. Absent a showing of bad faith, affidavits or declarations deemed legally adequate by the court are sufficient to demonstrate an agency's compliance with FOIA. See Garcia, 181 F. Supp. 2d at 366 (noting that once an agency demonstrates that it has conducted a "reasonable search for relevant documents," the agency "has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue"); Weisberg, 745 F.2d at 1485 (stating that the "issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for documents was adequate").

In the present matter, defendants have provided detailed affidavits regarding their search in response to plaintiff's FOIA request. The Declaration of David Luczynski, an Attorney Advisor with EOUSA, FOIA/PA Unit, describes the specific type of search undertaken by the government in order to make sure all available information was gathered to fulfill plaintiff's request. It appears that on December 5, 2003, EOUSA referred plaintiff's request to the SDNY and asked Smith, the FOIA Contact, to conduct a search of the records in response to plaintiff's request. (Decl. of Luczynski ¶ 6.) In performing her search, Smith searched all manual and computer systems, card indexes (pre-1985), purged files from PROMIS, and the current case tracking system LIONS. (Decl. of Luczynski ¶ 11; Exh. H ¶ 2.) The "LIONS" system is a

computer system that tracks cases and retrieves files regarding cases and investigations used by the United States Attorneys Offices.  (Decl. of Luczynski ¶ 11.)   This system allows the user to access databases to retrieve information based on a given name, the United States's Attorney's Office internal administrative number (USAO number), and the district court number.  Id. Defendants contend, and this Court agrees, that all responsive documents related to plaintiff's FOIA request would have been located in the SDNY because there were no other record systems or locations within EOUSA or the Department of Justice in which files pertaining to plaintiff's criminal cases were maintained.  Id.

Smith contacted EOUSA, which informed plaintiff that no records were found responsive to plaintiff's request.  (Decl. of Luczynski ¶¶ 7-8; Exh. H ¶ 2.)  This is consistent with the letter plaintiff received in 1982 from the Chief of the Civil Rights Unit stating that his allegations did not warrant an investigation.  Id.  Defendant's contend in their brief, with logical force: "[Plaintiff] seeks records about a complaint that he made to the FBI some 24 years ago in connection with a transfer from one jurisdiction to another that related to his own prosecution for crimes of which he was apparently found guilty.  He was told almost 23 years ago that his allegations had not resulted in a federal investigation.  That statement was correct in 1982, and remains correct today.  There are no records to produce."  (Def. Moving Br. at 7.)

The declaration demonstrates that the government performed a systematic and comprehensive search, and located no responsive records.  (Decl. of Luczynski ¶ 11.)  Plaintiff has submitted no evidence to indicate otherwise or establish bad faith.  All plaintiff states in his opposition is that he is "seeking records from the F.B.I. files that should have been known and existed, and investigated of deleted documents."  (Pl. Oppos. Br. at 1.)  As such, there is no

evidence of record that the government made other than a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C.1996). This is all that is required to satisfy FOIA.

Plaintiff's position appears to conflate the FOIA obligation with his belief that the FBI should have conducted an investigation of whether his civil rights were violated. The legal standard for evaluating the adequacy of the search is "not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg, 23 F.3d at 551. Plaintiff's strong belief that defendants possess responsive documents because his underlying allegations of civil rights violations are meritorious is nothing more than speculation, and therefore is insufficient to raise a genuine issue of material fact with respect to the adequacy of the search conducted by the government.

**CONCLUSION**

Although a *pro se* plaintiff is afforded a close and sympathetic reading of the complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), here there is no evidence to suggest that defendants failed to conduct a reasonable search for responsive documents, and no evidence that they acted in bad faith. As such, defendants are entitled to summary judgment. Since nothing in the record contradicts defendants representations and nothing in the record indicates that defendants have acted in bad faith, the Court holds that an *in camera* inspection of the records is not warranted.

Dated: May 5, 2005                                  s/  Katharine S. Hayden
                                                    KATHARINE S. HAYDEN, U.S.D.J.